MELISSA HOLYOAK, First Assistant United States Attorney (9832)
CY H. CASTLE, Assistant United States Attorney (4808)
STEPHEN P. DENT, Assistant United States Attorney (17405)
LUISA GOUGH, Assistant United States Attorney (17221)
BRYANT WATSON, Assistant United States Attorney (16980)
Attorneys for the United States of America
111 South Main Street, Ste. 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM J. BOWSER, et al.,<br><br>Defendants. | Case No. 2:23-cr-281<br><br>MOTION TO PERMIT TESTIMONY OF NONDESIGNATED WITNESS BRIAN HENDERSON<br><br>Judge Howard C. Nielson, Jr. |

The United States requests leave to call Brian Henderson as a witness. First, the *Wicker* factors support permitting his testimony. Second, the additional burden on the defendants is minimal when measured against the proper baseline. Third, Mr. Henderson's testimony is not needlessly duplicative; he would be the sole, non-party eyewitness to testify about the Rockwell defendants' tacit admission that they knew about the misappropriation of investor funds.

1

I.      **The *Wicker* factors support permitting Mr. Henderson to testify.**

In deciding whether to permit Mr. Henderson to testify, the following non-exhaustive factors should guide the Court's decision: "(1) the reason for the delay; (2) whether the delay prejudiced the other party; and (3) the feasibility of curing the prejudice with a continuance."[1] First, the reason for the delay is that the United States did not know the significance of Mr. Henderson's testimony until after Mr. Bowser pleaded guilty and informed the United States of the February 2019 meeting. This is a justifiable, good faith reason for not designating Mr. Henderson earlier. Second, the delay in designating him does not prejudice the defendants because Mr. Bowser had previously designated him. Third, the Court may mitigate any prejudice by requiring the United States to call Mr. Henderson after the upcoming nine-day break, as well as by strictly policing the scope of his testimony. Therefore, the *Wicker* factors support permitting him to testify.

II.      **The additional burden on the defendants is minimal.**

Setting the baseline is the first step in considering the <u>additional</u> burdens placed on the defendants if Mr. Henderson is allowed to testify.

Here, the baseline is how the trial would have looked if Mr. Bowser had not pleaded guilty. In that scenario, the Rockwell defendants would have needed to prepare for the cross-examination of the many witnesses (and concomitant exhibits) that Mr. Bowser would have introduced in his defense case. Also, if he had not

---

[1] *United States v. Russell*, 109 F.3d 1503, 1511 (10th Cir. 1997) (citing *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)).

pleaded guilty, Mr. Bowser may have taken the stand this week. The Rockwell defendants would have had to accomplish all this preparation in a short span of time *without* the benefit of memoranda of interviews. Therefore, the baseline is that the Rockwell defendants would have spent considerable time preparing to cross-examine their adversarial co-defendant's witnesses and would have had no guaranteed nine days to prepare to cross-examine him nor any idea of the substance of the testimony.

Against this baseline, permitting Mr. Henderson to testify places a minimal additional burden on the defendants. The United States commits to the Court that it will seek testimony from Mr. Henderson on the narrow topic of his meeting with Mr. Bowser and the Rockwell defendants in February 2019.[2] No exhibits would be introduced during his testimony.[3] Preparing to cross-examine a single previously undesignated witness—who will testify about a narrow topic of which defendants have notice—may place some burden on the Rockwell defendants. But when measured against the baseline of Mr. Bowser's defense case and his potential testimony on his own behalf, that additional burden is minimal.

---

[2] The United States has disclosed field notes of its interview with Mr. Hendersen to the Rockwell defendants. *See* Attachment 1.

[3] Although it designated a single exhibit earlier, it no longer seeks to use that exhibit. That exhibit is an email exchange between Mr. Henderson and another person. The Rockwell defendants designated that exhibit, indicating their prior awareness of this witness.

### III.    Mr. Henderson's testimony is not needlessly duplicative.

If permitted to testify, Mr. Henderson will be the sole, non-party eyewitness to testify that the Rockwell defendants tacitly admitted to knowing about the misappropriation of investor funds. Unlike Mr. Bowser, he cannot be impeached by any incentive to fabricate. This is critical. If Mr. Bowser testifies that the Rockwell defendants knew about the misappropriation, and the Rockwell defendants deny that, then the jury would look for the disinterested testimony of an eyewitness to the defendants' tacit admission.

Moreover, even if the Rockwell defendants invoke their constitutional right not to testify, Mr. Henderson's testimony would still be critical. That is because, in closing arguments, the defendants will surely call out the absence of eyewitness corroboration, stating something like:

> Mr. Bowser said Rockwell admitted to their participation in his misappropriation of funds. He said that they made that admission at a room full of many other people. If that is true, why did the United States not call even one of those attendees?

> They called witnesses from the four corners of this country but could not be bothered to call a single eyewitness to the Rockwell defendants' admission of the crime. Consider this lack of evidence carefully when deciding whether to believe Mr. Bowser, a man who admitted to fraud and had every incentive to lie.

> And if you determine Mr. Bowser was lying about the February 2019 meeting, ask yourself what else he was lying about.

After the defendants make a statement along those lines, the United States will have no opportunity to rebut it—its rebuttal case will have come and gone. To rebut any denials by the Rockwell defendants, Mr. Henderson's testimony is essential.

IV.    **Assessing whether a party has enough evidence to prevail is a not suitable factor.**

Assessing whether the United States (or in another case, the defendant) has enough evidence to prevail is an inappropriate factor to consider when deciding whether to permit a non-designated witness to testify. First, such an assessment is unwieldy. In a fast-moving, complex trial, there are known and unknown risk factors, such as yet-to-be admitted testimony and exhibits.

Second, such an assessment would necessarily be based on incomplete information. Thus, such an assessment would boil down to a gut call. This is especially true in a case, like this one, where the other party has not yet put on its case or even disclosed the substance of its anticipated witnesses' testimony.

Third, urging a party to disclose the weaknesses it perceives in its case is foreign to the adversarial system. Yet this is exactly what a party would need to do if it wished to be heard on the foregoing factor. Therefore, the United States respectfully submits that the better consideration is whether the testimony of the non-designated witness is duplicative of the testimony of other witnesses.

V.    **Conclusion**

For the foregoing reasons, the United States requests leave to call Brian Henderson as a witness on the narrow topic of the February 2019 meeting following the nine-day break.

DATED this 22nd day of April 2026

MELISSA HOLYOAK
First Assistant United States Attorney

*/s/ Bryant Watson*
Cy H. Castle
Stephen P. Dent
Luisa Gough
Bryant Watson
Assistant United States Attorneys